TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*John Mayo*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Mayo,<br><br>Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc., an Ohio corporation, and Collections Acquisition Company, Inc. d/b/a Payliance, an Ohio corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, JOHN MAYO, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Buckeye, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona; and

   b. Collections Acquisition Company, Inc. d/b/a Payliance, which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Sometime in either 2009 or 2010, Mr. Mayo opened an account with Woodmans Appleton, a store.

7. On May 18, 2010, Mr. Mayo filed Chapter 7 Bankruptcy.

8. On September 13, 2010, Mr. Mayo's Chapter 7 Bankruptcy was discharged.

9. On or about December 14, 2016, Mr. Mayo obtained his credit files and noticed that Payliance/CyberCollect was reporting its trade line with account number 10942 with a balance of $356.00. This was regarding the debt allegedly owed to Woodmans Appleton (alleged "Debt" and "Errant Trade Line").

10. On or about December 28, 2016, Mr. Mayo submitted a letter to Experian, disputing the alleged Debt/Errant Trade Line. In the dispute letter, he stated that he did not owe the alleged Debt. He stated that it was included in his Chapter 7 Bankruptcy and was discharged in his Chapter 7 Bankruptcy. He attached his bankruptcy history, confirming the same as well as the Discharge Order. He requested that the balance of $356.00 be removed from the Errant Trade Line and that it be updated to reflect that it was discharged in his bankruptcy.

11. Upon information and belief, Experian forwarded Mr. Mayo's consumer dispute to Payliance/CyberCollect.

12. On or about January 16, 2017, Mr. Mayo received correspondence from Experian, requesting indentifying documents and his bankruptcy documents.

13. Before he could even respond to Experian's above letter, on or about January 30, 2017, Mr. Mayo received Experian's investigation results, which showed that Payliance retained the balance of $356.00 on the Errant Trade Line/alleged Debt.

14. On or about February 8, 2017, he sent Experian a letter, responding to the above letter dated January 1, 2017, which requested identifying information. He also attached another copy of the dispute letter that he had originally sent to Experian on December 28, 2016.

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PAYLIANCE

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Experian of Mr. Mayo's consumer dispute of the incorrect balance of the Errant Trade Line, Payliance negligently failed to conduct a proper investigation of Mr. Mayo's dispute as required by 15 USC 1681s-2(b).

18. Payliance negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to correct the balance of the Errant Trade Line.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Mayo's consumer credit file with Experian to which it is reporting such trade line.

20. As a direct and proximate cause of Payliance's negligent failure to perform its duties under the FCRA, Mr. Mayo has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. Payliance is liable to Mr. Mayo by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mr. Mayo has a private right of action to assert claims against Payliance arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Payliance for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PAYLIANCE

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Experian that Mr. Mayo disputed the accuracy of the information it was providing, Payliance willfully failed to conduct a proper reinvestigation of Mr. Mayo's dispute.

25. Payliance willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Payliance's willful failure to perform its duties under the FCRA, Mr. Mayo has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. Payliance is liable to Mr. Mayo for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Payliance for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Mayo as that term is defined in 15 USC 1681a.

30. Such reports contained information about Mr. Mayo that was false, misleading, and inaccurate.

31. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Mayo, in violation of 15 USC 1681e(b).

32. After receiving Mr. Mayo's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Mayo has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

34. Experian is liable to Mr. Mayo by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Mayo as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Mayo that was false, misleading, and inaccurate.

38. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Mayo, in violation of 15 USC 1681e(b).

39. After receiving Mr. Mayo's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Mayo has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Mr. Mayo by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 24, 2017

                                         KENT LAW OFFICES

                                         By: */s/ Trinette G. Kent*
                                              Trinette G. Kent
                                              Attorneys for Plaintiff,
                                              John Mayo